

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GUS JOHN STEVENS | ) | D **08CV4071** |
| | ) | **JUDGE LEFKOW** |
| Plaintiff, | ) | **MAG. JUDGE KEYS** |
| | ) | |
| v. | ) | |
| | ) | FILED |
| INTERNAL REVENUE SERVICE | ) | |
| and C. SMITH I.R.S. AGENT | ) | JUL 1 7 2008 |
| | ) | JUL 17, 2008 |
| EMPLOYEE IDENTIFICATION | ) | MICHAEL W. DOBBINS |
| NUMBER 36-09333 | ) | CLERK, U.S. DISTRICT COURT |
| | ) | |
| Defendants | ) | |

### PLAINTIFF'S MOTION TO QUASH

NOW COMES GUS JOHN STEVENS MEMORANDUM CONTRA DEFENDANTS INTERNAL REVENUE SERVICE AND C. SMITH INTERNAL REVENUE SERVICE AGENT FILING TAX LEVY ON WAGES AND OTHER INCOME RESPECTFULLY SUBMITS HIS MOTION TO QUASH THE TAX LEVY ON WAGES AND OTHER INCOME AND STATES THE FOLLOWING:

1. On July 05, 2008 the plaintiff received a letter in the mail from The Chicago Transit Authority the company he works for. In this letter was a copy of an unsigned Notice of Levy On Wages, Salary, and Other Income.

2. On March 19, 2008 the plaintiff mailed a letter via. United States Postal tracking receipt number EB643765824 to Internal Revenue Service Group 32-Stop 5332 WSB 2001 Butterfield Road Dowers Grove Illinois 60515 ATTN: C. Smith Request for Collection Due Process Hearing inside.

3. In this letter the plaintiff posed the following arguments to the defendants The Internal Revenue Service and C. Smith Internal Revenue Agent.

4. In point of fact United States Code Title 28 > PartV1 > Chapter 176 > Subchapter B > Section 3104 Garnishment briefly states the following: (a) In General If the requirements of section 3101 are satisfied, a court may issue a writ of garnishment against property (excluding earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor in order to satisfy a claim for debt.

The society we live in mandates social order. This is accomplished through strict adherence to rules and regulations. These rules are laws which are governed and controlled by regulations.

5) In point of fact there are three types of regulations (1) Interpretive, (2) Procedural, (3) Legislative. Of the three Legislative tends to be quintessential. This is so because Legislative regulations depict applicability, fines, penalties, sanctions, and enforcement. Procedural regulations are considered to be directive rather than mandatory, and thus, do not have force and effect of law.

The Internal Revenue Code Section that was cited in The Notice of Levy On Wages, Salary, and Other Income was section 6331.

6) In point of fact The regulation for this code section appears this way in The Code of Federal Regulations for Title 26 Internal Revenue 26CFR 301.6331-1

7) In point of fact the regulation for the cited Internal Revenue Code 6331 is listed in Code of Federal Regulations Title 26 Internal Revenue Part 301-PROCEDURE AND ADMINISTRATION.

This Internal Revenue Code Section 6331's regulation is listed as procedural. As stated above procedural regulations are considered to be directive rather than mandatory, and thus, do not have force and effect of law.

8) In point of fact the cited code section in The Tax Levy On Wages, Salary, and Other Income appears this way in The Parallel Table of Authorities and Rules 6331—6343----------------------------------------------------------------------27 Part 70.

This code section and its regulation is not only listed in United States Code Title 26, it is also listed with its regulation in United States Code Title 27. The plaintiff affirms that any and all items be it regulation and or section in United States Code Title 27 has no applicability. The defendants The Internal Revenue Service and C. Smith Internal Revenue Service Agent have cited no documented proof that rebuts the last statement.

The defendants The Internal Revenue Service and C. Smith Internal Revenue Agent as stated earlier have filed a Levy on Wages, Salary, and Other Income. The Internal Revenue Code that was cited is 6331. This levy listed these paragraphs in this cited I.R.C. section (b), (c), (e). Paragraphs (a), (d), and (f) through (l) have been deleted.

9) In point of fact Internal Revenue Code section 6331 is Listed This way in United States Code Title 26, Title 26 > Subtitle F > Chapter 64 > Subchapter D > Part 11 > section 6331 Levy and distraint

10) In point of fact United States Code Title 26 > Subtitle F > Chapter 64 > Subchapter D > Part 11 > Levy and distraint (a) States the following: Authority of Secretary

If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.

Levy may be made upon the accrued salary or wages of any officer, employee, or elected official of the united states, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401 (d) ) of such officer, employee, or elected official. If the Secretary makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by the Secretary and upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10 –day period in this section.

The plaintiff affirms that he is not an elected official, United States Government employee, or a member of any agency or instrumentality of the United States. The defendants The Internal Revenue Service and C. Smith Internal Revenue Agent have not to date documented any written proof that rebuts the last statement.

Defendant C. Smith Internal Revenue Service Agent lacks the authority to enforce anything.

11. In point of fact United States Code Title 26 > Subtitle F > Chapter 78 > Subchapter A > Section 7608 Authority of Internal Revenue Enforcement Officers briefly says (a) Enforcement of Subtitle E and other laws pertaining to liquor, tobacco, and firearms. United States Federal Income Tax falls under Subtitle A and as stated above Enforcement officers are associated with Subtitle E.

Levy on wages and other property is impermissible under the 5TH amendment to the United States Constitution.

12. In point of fact a notice of levy is not a levy Pursuant to the following: Fuentes v. Shevine, 407 U.S. 67 (1972), Sniadach v. Family Finance Corp., 395 U.S. 337 (1969), Williamson v. Bolder Dam Credit Union case # 97A017, United States v. O'Dell, 160 F.2d 304(1947)

The defendants The Internal Revenue Service and C. Smith Internal Revenue Service Agent as stated above have cited in the tax levy they filed Internal Revenue Code Section 6331 with paragraphs (a), (d), and (f) through (l) deleted.

13. In point of fact United States Code Title 18 > Part 1 > Chapter 47 > Section 1001 statements or entries generally briefly says the following: Whoever knowingly and willfully (1) falsifies, conceals, or covers up any trick, scheme, or device a material fact (2) makes materially false, fictitious, or fraudulent statement or representation ; or (3) makes use of any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry.

14. In point of fact United States Code Title 18 > Part 1 > Chapter 47 > section 1018 Official certificates or writings States the following: Whoever, being a public officer or other person authorized by law of the United States to make or give certificate or other writing, knowingly makes and delivers as true such a certificate or writing, containing any statement which he knows to be false, in a case where the punishment thereof is not elsewhere expressly provided by law, shall be fined under this title or imprisoned not more than one year or both.

Positive law as per Black's Law briefly says the following: Positive law typically consist of enacted law – the codes, statutes, and regulations that are applied and enforced in the courts.

The term derives from the medieval use of positum (Latin "established"), so that the phrase positive law literally means law established by human authority- also termed jus positivum; made law.

15. In point of fact United States Code Titles enumerate from 1 to 50. The following United States Code Titles have been enacted into law 1,3,4, 5, 9, 10, 11, 13,17, 18, 23,28, 31, 32, 35,37, 38,39,44,49

16. In point of fact Black's law defines Prima Facie as follows: Sufficient to establish a or raise a presumption unless disproved or rebutted.

17. In point of fact United States Code Title 1 General Provisions Chapter 3- CODE OF LAWS OF UNITED STATES AND SUPPLEMENTS; DISTRICT OF COLUMBIA CODE AND SUPPLEMENTS section 204. Codes and Supplements as evidence of the laws of United States and District of Columbia; citation of codes and supplements briefly says the following: In all courts, tribunals, and public offices of the United States, at home or abroad, of the District of Columbia, and of each State, Territory, or insular possession of the United States – (a) United States Code. The matter set forth in the edition of the Code of Laws of the United States current at any time shall, together with the then current supplement, if any, establish prima facie the laws of the United States, general and permanent in their nature, in force on the day preceding the commencement of the session following the last session the legislation of which is included; Provided, however, That whenever titles of such Code shall have been enacted into positive law the text thereof shall be legal evidence of laws therein contained, in all the Courts of the United States general and permanent in their nature.(b) District of Columbia Code. The matter set forth in the edition of the Code of the District of Columbia current at any time, shall, together with the then current supplement, if any, establish prima facie the laws, general and permanent in their nature, relating to or in force in the District of Columbia by reason of being laws of the United States general and permanent in their nature. (c) District of Columbia Code; citation. The Code of the District of Columbia may be cited as " D. C. Code." (d) Supplements to Codes; citation. Supplements to the Code of Laws of the United States and to the Code of the District of Columbia may be cited, respectively, as " U.S.C. , Sup. " and " D.C. Code, Sup. ," the blank in each case filled with Roman figures denoting the number of the supplement. (e) New edition of Codes; citation. New editions of each of such codes may be cited respectively, as " U.S.C. , ed., " the blank in each case being filled with figures denoting the last year the legislation of which is included in whole or in part. (July 30, 1947,ch 388 section 1,61 Stat. 638)

As stated above United States Code Titles 1, 3, 4, 5, 9, 10,11, 13, 17, 18, 23, 28, 31, 32, 35, 37, 38, 39, 44, 49, are subject to positive law and considered law of land. All of the other United States Code Titles that are not subject to positive law and considered law of land are subject to Prima Facie.

18. In point of fact United States Code Title 26 The Internal Revenue Service is not one of those titles that is subject to positive law and considered law of land and thus is as per the above subjected to Prima Facie.

19. In point of fact Black's law defines Prima Facie as follows: Sufficient to establish a fact or raise a presumption unless disproved or rebutted.

—4—

20. In point of fact Black's law defines Prima Facie as follows: Evidence that will establish a fact or sustain a judgment unless contradictory evidence is produced.

21. IN point of fact The Legislative branch may create an evidential presumption, or a rule of Prima Facie Evidence, i.e., a rule which does not shut out evidence, but merely declares that certain conduct shall suffice as evidence until the opponent produces contrary evidence as per John H. Wigmore, A Students Textbook of the law of evidence 237(1935)

22. In point of fact The Defendants The Internal Revenue Service and C. Smith Internal Revenue Service Agent in their filing of a Levy on Wages, Salary, and Other Income against the Plaintiff have violated United States Code Title 28 > Part VI > Chapter 176 > Subchapter B > Section 3104 Garnishment which briefly says the following: (a) In General If the requirements of section 3101 are satisfied, a court may issue a writ of garnishment against property (excluding earnings) in which the debtor has substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor in order to satisfy a claim for debt. As a result of this violation emphasis for Plaintiff's Motion to Quash is strengthen.

23. In point of fact The defendants The Internal Revenue Service and C. Smith Internal Revenue Service Agent in their filing of a Levy on Wages, Salary, and Other Income against the Plaintiff have violated United States Code Title 18 > Part1 > Chapter 47 > Section 1001statements or entries generally briefly says the following: Whoever knowingly and willfully (1) falsifies, conceals, or covers up any trick, scheme, or device a material fact (2) makes materially false, fictitious, or fraudulent statement or representation; or (3) makes use of any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry. As a result of this violation emphasis for Plaintiff's motion to Quash is further strengthen.

24. In point of fact the defendants The Internal Revenue Service and C. Smith Internal Revenue Service Agent in their filing a Levy on Wages, Salary, and Other Income against the Plaintiff have violated United States Code Title 18 > Part 1 > Chapter 47 > section 1018 Official certificates or writings states the following: Whoever being a public officer or other person authorized by law of the United States to make or give certificate or other writing, knowingly makes and delivers as true such a certificate or writing, containing any statement which he knows to be false, in a case where the punishment thereof is not elsewhere expressly provided by law, shall be fined under this title or imprisoned not more than one year or both. As a result of this violation emphasis for Plaintiff's motion to Quash is again further strengthen.

25. In point of fact the defendants The Internal Revenue Service and C. Smith Internal Revenue Service Agent have as cited above violated the laws that belong to United States Code Titles That have been declared Positive Law. Positive law is not subject to Prima Facie, there is no rebuttal the charged party must defend and preserve his right to innocence until proven otherwise. The Plaintiff in all of the above affirms that these cited violations of the above were committed by the defendants and no one else. The Plaintiff at no time in this motion has he allocated anything that was not In point of fact.

Wherefore, Plaintiff, GUS JOHN STEVENS, respectfully request that his motion to Quash be granted.

Respectfully submitted,

By: <u>GUS JOHN STEVENS</u>
PRO SE

| Form 668-W(ICS) | Department of the Treasury – Internal Revenue Service |
|---|---|
| (Rev. July 2002) | **Notice of Levy on Wages, Salary, and Other Income** |

**DATE:** 06/24/2008

**REPLY TO:** Internal Revenue Service
C. SMITH
2001 BUTTERFIELD ROAD
DOWNERS GROVE, IL 60515-1050

**TO:** CHICAGO TRANSIT AUTHORITY
C.T.A. MERCHANDISE MART PLAZA
PO BOX 7567
CHICAGO, IL 60680-7567

**TELEPHONE NUMBER OF IRS OFFICE:** (630)493-5632

**NAME AND ADDRESS OF TAXPAYER:**
GUS J STEVENS
111 CEDARBEND DR
ROMEOVILLE, IL 60446-1005

**IDENTIFYING NUMBER(S):** 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

STEV

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1993 | 24468.15 | 9782.78 | 34250.93 |
| 1040 | 12/31/1994 | 20974.63 | 8336.96 | 29311.59 |
| 1040 | 12/31/1995 | 4786.76 | 1902.63 | 6689.39 |
| 1040 | 12/31/2001 | 9390.68 | 3366.12 | 12756.80 |

**Employer or Other Addressee:** Please complete the back of this page.

**Total Amount Due ⇒** 83008.71

We figured the interest and late payment penalty to **07-24-2008**

**Statement of Exemptions and Filing Status** *(To be completed by taxpayer; instructions are on the back of Part 5)*

My filing status for my income tax return is (check one):  ☐ Single;  ☐ Married Filing a Joint Return;  ☐ Married Filing a Separate Return;  ☐ Head of Household; or  ☐ Qualifying Widow(er) with dependent child

**ADDITIONAL STANDARD DEDUCTION:** _____ *(Enter amount only if you or your spouse is at least 65 and/or blind.)*

I certify that I can claim the people named below as personal exemptions on my income tax return and that none are claimed on another Notice of Levy. No one I have listed is my minor child to whom (as required by court or administrative order) I make support payments that are already exempt from levy. I understand the information I have provided may be verified by the Internal Revenue Service. Under penalties of perjury, I declare that this statement of exemptions and filing status is true.

| Name (Last, First, Middle Initial) | Relationship (Husband, Wife, Son, Daughter, etc.) | Social Security Number (SSN) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Taxpayer's Signature _____  Date _____

Part 3 —   Return to IRS    Catalog No. 35390F   www.irs.gov   Form 668-W(ICS) (7-2002)

**PLEASE REMOVE THIS PAGE BEFORE COMPLETING IT.**

TAXPAYER'S NAME(S) _____

IDENTIFYING NUMBER(S)
(as shown on the front) _____

**SECTION 1. — Levy Acknowledgment**

Signature of person responding _____

Printed name of person responding _____

Your telephone number          (____) _____

Date and time this levy received _____

**SECTION 2. — Levy Results** *(Check all applicable boxes.)*

☐ Check attached in the amount of $_____

☐ Additional checks will be sent:

☐ _____ (weekly, bi-weekly, monthly, etc.)

☐ _____ approximate amount of each payment

☐ Taxpayer no longer employed here, as of _____ (date).

☐ Remarks

**SECTION 3. — Additional Information** *(Please complete this section if this levy does not attach any funds.)*
Taxpayer's latest address, if different from the one on this levy. _____

_____

Taxpayer's telephone number: (____) _____

Name and address of taxpayer's employer: _____
(if different from addressee)

_____

Other information you believe may help us:

Form **668-W (ICS)** (7-2002)

| Form 668-W(ICS) | | Department of Treasury / Internal Revenue Service | | | |
|---|---|---|---|---|---|
| (Rev. July 2002) | | Notice of Levy on Wages, Salary, and Other Income | | | |

DATE: 06/24/2008

REPLY TO: Internal Revenue Service
C. SMITH
2001 BUTTERFIELD ROAD
DOWNERS GROVE, IL 60515-1050

TELEPHONE NUMBER
OF IRS OFFICE: (630)493-5632

NAME AND ADDRESS OF TAXPAYER:
GUS J STEVENS
111 CEDARBEND DR
ROMEOVILLE, IL 60446-1005

TO: CHICAGO TRANSIT AUTHORITY
C.T.A. MERCHANDISE MART PLAZA
PO BOX 7567
CHICAGO, IL 60680-7567

IDENTIFYING NUMBER(S): 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

STEV

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1993 | 24468.15 | 9782.78 | 34250.93 |
| 1040 | 12/31/1994 | 20974.63 | 8336.96 | 29311.59 |
| 1040 | 12/31/1995 | 4786.76 | 1902.63 | 6689.39 |
| 1040 | 12/31/2001 | 9390.68 | 3366.12 | 12756.80 |

Employer or Other Addressee: Please complete the back of this page.

Total Amount Due ⇒ 83008.71

We figured the interest and late payment penalty to **07-24-2008**

**Statement of Exemptions and Filing Status** (To be completed by taxpayer; instructions are on the back of Part 5)

My filing status for my income tax return is (check one):  ☐ Single;  ☐ Married Filing a Joint Return;
☐ Married Filing a Separate Return;  ☐ Head of Household; or  ☐ Qualifying Widow(er) with dependent child

**ADDITIONAL STANDARD DEDUCTION:** _____ (Enter amount only if you or your spouse is at least 65 and/or blind.)

I certify that I can claim the people named below as personal exemptions on my income tax return and that none are claimed on another Notice of Levy. No one I have listed is my minor child to whom (as required by court or administrative order) I make support payments that are already exempt from levy. I understand the information I have provided may be verified by the Internal Revenue Service. Under penalties of perjury, I declare that this statement of exemptions and filing status is true.

| Name (Last, First, Middle Initial) | Relationship (Husband, Wife, Son, Daughter, etc.) | Social Security Number (SSN) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

Taxpayer's Signature _____ Date _____

Part 4 — For Employer or other Addressee to keep after Taxpayer completes

Form 668-W(ICS) (7-2002)

## Instructions to the Taxpayer

A levy was served on the person named on the front of this form. The information you provide on this form will be used by that person to figure the amount of your income that is exempt from levy.

Please complete Parts 3, 4, and 5. First, indicate your filing status by checking one of the five blocks on the Statement of Exemptions and Filing Status. Then, list each person that you can claim as an exemption on your income tax return not claimed on another Notice of Levy on Wages, Salary, and Other Income. Include each person's relationship to you and Social Security Number. If the person is less than six months old and does not have a number yet, write "Less than six months old" in the Social Security Number column. If you are claimed as a dependent by someone else, write "I can't claim an exemption for myself" next to your signature on the statement. Be sure to complete, sign and date all copies of the statement.

The amount of your income that is exempt from this levy each week can be figured by adding the standard deduction you can claim on your income tax return and the amount you claim on it for exemptions. Then, this total is divided by 52.

If you or your spouse is at least 65 years old and/or blind, you can claim the additional standard deduction which increases the amount exempt from this levy. Count one for each of the following: (a) you are 65 or older, (b) you are blind, (c) your spouse is 65 or older, and (d) your spouse is blind. Enter this total (up to 4) to the right of "ADDITIONAL STANDARD DEDUCTION" on Parts 3, 4, and 5.

Also, if you are required by a court or administrative order (*made before the date of this levy*) to support your minor children, then the amount needed to pay the support established by a court or administrative order is also exempt from the levy, and these minor children can't be listed as exemptions.

Keep Parts 2 and 5 for your records. Give Parts 3 and 4 to your employer within 3 work days after you receive them. If you do not give the completed statement to your employer, then your exempt amount will be figured as if your filing status is married filing separate with only one exemption, plus the amount for paying child support established by a court or administrative order. If you subsequently submit a Statement of Exemptions and Filing Status to your employer, your exempt amount will be adjusted to correspond to your statement.

If the number of your exemptions or your filing status change while this levy is in effect, please file another Statement of Exemptions and Filing Status with the person on whom this levy was served. You can get more forms from an Internal Revenue Service office.

In addition, if this levy is still in effect next year and if the standard deduction and amount deductible for personal exemptions change in the new year for all taxpayers, you may submit a new Statement of Exemptions and Filing Status, even though there may be no change from the prior statement. Submitting a new Statement of Exemptions and Filing Status will allow your employer to use the new year's exemption table (Publication 1494).

The information you provide is submitted under penalties of perjury and may be verified by the Internal Revenue Service.

Form **668-W(ICS)** (7-2002)

| Form 668-W(ICS) | Department of the Treasury — Internal Revenue Service |
|---|---|
| (Rev. July 2002) | **Notice of Levy on Wages, Salary, and Other Income** |

DATE: 06/24/2008
REPLY TO: Internal Revenue Service
C. SMITH
2001 BUTTERFIELD ROAD
DOWNERS GROVE, IL 60515-1050

TELEPHONE NUMBER
OF IRS OFFICE: (630)493-5632

NAME AND ADDRESS OF TAXPAYER:
GUS J STEVENS
111 CEDARBEND DR
ROMEOVILLE, IL 60446-1005

TO: CHICAGO TRANSIT AUTHORITY
C.T.A. MERCHANDISE MART PLAZA
PO BOX 7567
CHICAGO, IL 60680-7567

IDENTIFYING NUMBER(S): 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

STEV

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1993 | 24468.15 | 9782.78 | 34250.93 |
| 1040 | 12/31/1994 | 20974.63 | 8336.96 | 29311.59 |
| 1040 | 12/31/1995 | 4786.76 | 1902.63 | 6689.39 |
| 1040 | 12/31/2001 | 9390.68 | 3366.12 | 12756.80 |
| | | | Total Amount Due ⇒ | 83008.71 |

We figured the interest and late payment penalty to 07-24-2008

**Statement of Exemptions and Filing Status** *(To be completed by taxpayer; Instructions are on the back of Part 5)*

My filing status for my income tax return is (check one):  ☐ Single;  ☐ Married Filing a Joint Return;  ☐ Married Filing a Separate Return;  ☐ Head of Household; or  ☐ Qualifying Widow(er) with dependent child

**ADDITIONAL STANDARD DEDUCTION:** _____ *(Enter amount only if you or your spouse is at least 65 and/or blind.)*

I certify that I can claim the people named below as personal exemptions on my income tax return and that none are claimed on another Notice of Levy. No one I have listed is my minor child to whom (as required by court or administrative order) I make support payments that are already exempt from levy. I understand the information I have provided may be verified by the Internal Revenue Service. Under penalties of perjury, I declare that this statement of exemptions and filing status is true.

| Name (Last, First, Middle Initial) | Relationship (Husband, Wife, Son, Daughter, etc.) | Social Security Number (SSN) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

Taxpayer's Signature _____  Date _____

Part 5 — For Taxpayer to keep

Form 668-W(ICS) (7-2002)

Sec. 6331. LEVY AND DISTRAINT.

(b) Seizure and Sale of Property.—The term "levy" as used in this title includes the power of distraint and seizure by any means. Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

(c) Successive Seizures.—Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

(e) Continuing Levy on Salary and Wages.—The effect of a levy on salary or wages payable to or received by a taxpayer shall be continuous from the date such levy is first made until such levy is released under Section 6343.

Sec. 6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.

(a) Requirement.—Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(d) Enforcement of Levy.

(1) Extent of personal liability.—Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer). Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation.—In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

(e) Effect of honoring levy.—Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)), shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

Sec. 6333. PRODUCTION OF BOOKS.

If a levy has been made or is about to be made on any property, or right to property, any person having custody or control of any books or records, containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Secretary, exhibit such books or records to the Secretary.

Sec. 6334. PROPERTY EXEMPT FROM LEVY.

(a) Enumeration.—There shall be exempt from levy

(4) Unemployment benefits.—Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, of the District of Columbia or of the Commonwealth of Puerto Rico.

(6) Certain annuity and pension payments.—Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code.

(7) Workmen's compensation.— Any amount payable to an individual as workmen's compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

(8) Judgments for support of minor children.— If the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

(9) Minimum exemption for wages, salary and other income.— Any amount payable to or received by an individual as wages or salary for personal services, or as income derived from other sources, during any period, to the extent that the total of such amounts payable to or received by him during such period does not exceed the applicable exempt amount determined under subsection (d).

(10) Certain service-connected disability payments.— Any amount payable to an individual as a service-connected (within the meaning of section 101(16) of title 38, United States Code) disability benefit under-
 (A) subchapter II, III, IV, V, or VI of chapter 11 of such title 38, or
 (B) Chapter 13, 21, 23, 31, 32, 34, 35, 37, or 39 of such title 38.

(11) Certain public assistance payments.— Any amount payable to an individual as a recipient of public assistance under-
 (A) title IV or title XVI (relating to supplemental security income for the aged, blind, and disabled) of the Social Security Act, or
 (B) State or local government public assistance or public welfare programs for which eligibility is determined by a needs or income test.

(12) Assistance Under Job Training Partnership Act.- Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. 1501 et seq.) from funds appropriated pursuant to such Act.

(d) Exempt Amount of Wages, Salary, or Other Income.–

(1) Individuals on weekly basis.– In the case of an individual who is paid or receives all of his wages, salary, and other income on a weekly basis, the amount of the wages, salary, and other income payable to or received by him during any week which is exempt from levy under subsection (a) (9) shall be the exempt amount.

(2) Exempt Amount.– For purposes of paragraph (1), the term "exempt amount" means an amount equal to--
 (A) the sum of–
  (i) the standard deduction, and
  (ii) the aggregate amount of the deductions for personal exemptions allowed the taxpayer under section 151 in the taxable year in which such levy occurs divided by
 (B) 52.

Unless the taxpayer submits to the Secretary a written and properly verified statement specifying the facts necessary to determine the proper amount under subparagraph (A), subparagraph (A) shall be applied as if the taxpayer were a married individual filing a separate return with only 1 personal exemption.

(3) Individuals on basis other than weekly.– In the case of any individual not described in paragraph (1), the amount of wages, salary, and other income payable to or received by him during any applicable pay period or other fiscal period (as determined under regulations prescribed by the Secretary) which is exempt from levy under subsection (a) (9) shall be an amount (determined under such regulations) which as nearly as possible will result in the same total exemption from levy for such individual over a period of time as he would have under paragraph (1) if (during such period of time) he were paid or received such wages, salary and other income on a regular weekly basis.

Sec. 6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.

(a) Release of Levy and Notice of Release.–

(1) In General.—Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part, of the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if–
 (A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,
 (B) release of such levy will facilitate the collection of such liability,
 (C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,
 (D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or
 (E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

(2) Expedited determination on certain business property.– In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) Subsequent levy.–The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

(b) Return of Property.–If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return–
 (1) the specific property levied upon,
 (2) an amount of money equal to the amount of money levied upon, or
 (3) an amount of money equal to the amount of money received by the United States from a sale of such property.

Property may be returned at any time. An amount equal to the amount of money levied upon or received from such sale may be returned at any time before the expiration of 9 months from the date of such levy. For purposes of paragraph (3), if property is declared purchased by the United States at a sale pursuant to section 6335(e) (relating to manner and conditions of sale), the United States shall be treated as having received an amount of money equal to the minimum price determined pursuant to such section or (if larger) the amount received by the United States from the resale of such property.

(d) RETURN OF PROPERTY IN CERTAIN CASES.—IF—
 (1) any property has been levied upon, and
 (2) the Secretary determines that–
  (A) the levy on such property was premature or otherwise not in accordance with administrative procedures of the Secretary,
  (B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the levy was imposed by means of installment payments, unless such agreement provides otherwise,
  (C) the return of such property will facilitate the collection of the tax liability, or
  (D) with the consent of the taxpayer or the National Taxpayer Advocate, the return of such property would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States,
the provisions of subsection (b) shall apply in the same manner as if such property had been wrongfully levied upon, except that no interest shall be allowed under subsection (c).

Form 668-W(ICS) (3-2006)